*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NANCY HARRIS,

        Plaintiff-Appellant,

v

SINGH MANAGEMENT CO, LLC, doing business as NORTHRIDGE APARTMENTS ROCHESTER HILLS,

        Defendant/Cross-Plaintiff-Appellee,

and

ASPEN GROVE LANDSCAPE COMPANIES, LLC, doing business as UNITED LAWNSCAPE, INC,

        Defendant/Cross-Defendant-Appellee,

and

DSSC HOLDINGS, LLC, doing business as STONESCAPE DESIGN,

        Defendant-Appellee.

UNPUBLISHED
October 26, 2023

No. 359280
Oakland Circuit Court
LC No. 2019-178786-NO

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

CAMERON, J. (*concurring in part and dissenting in part*).

The question here is whether defendant, Singh Management Company, LLC ("Singh"), had constructive notice of the hazard caused by exposed rebar protruding from a parking block. Because I disagree with the majority's conclusion that there is a genuine question of fact regarding constructive notice, I dissent. I agree with the majority's opinion in all other respects.

The relevant question concerning constructive notice is whether the rebar was of a certain character or existed for a sufficient length of time such that Singh should have discovered it. The majority agrees Singh established its burden showing it did not have constructive notice of this defect. The burden then shifted to plaintiff, Nancy Harris, to establish a genuine question of fact as to this issue. Harris has not claimed that the protruding piece of rebar was of such character that Singh should have discovered it. Indeed, Harris's response to the motion for summary disposition characterizes the rebar as "virtually invisible." This means that to show constructive notice, Harris was required to show that there was a question of fact as to whether the rebar existed for a sufficient length of time such that Singh should have discovered it. But, Harris failed to even make this argument in her response to the motion for summary disposition, let alone provide any documentary proof the rebar existed for a sufficient amount of time. Instead, Harris's argument to the trial court was that Singh had *actual* notice of the defect because Singh knew that his snowplow service would sometimes dislodge parking blocks over the winter season, which must have exposed the rebar in this case.

Even so, the majority examines Harris's argument through the lens of constructive notice. The majority ultimately concludes Singh had constructive notice based on the testimony of Singh's agent who acknowledged that he had identified several parking blocks at the end of the snowplowing season that had been displaced. But to be clear, he did not identify the parking block at issue in this case, or any nearby parking block, as having been dislodged or moved in any way. According to the majority, because there were some parking blocks displaced sometime during the winter, it is reasonable to conclude that this parking block was likewise moved during the winter, thereby suggesting the defect existed long enough that Singh should have noticed it. I disagree.

Importantly, Harris's response to the motion for summary disposition neither cited these facts, or made a specific argument that Singh had constructive notice of the rebar. Thus, in my view, they should not be considered in terms of Harris's constructive notice argument. See *ER Drugs v Dep't of Health & Human Servs*, 341 Mich App 133, 146-147; 988 NW2d 826 (2022) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for [their] claims, or unravel and elaborate for [them the] arguments . . . .") (quotation marks and citation omitted).

And even if we were to consider Harris's unpreserved arguments, this Court should still affirm the trial court's conclusion as to the issue of constructive notice. At most, Harris has shown that Singh was aware that snowplows sometimes displace his parking blocks during the winter. This does not, in my view, create a jury question as to whether Singh had constructive notice of this defect. Harris's snowplow theory offers no additional evidence and runs contrary to unrebutted evidence that the particular parking block at issue in this case was not identified as one of the displaced parking blocks at the end of the winter season. Her theory further runs contrary to unrebutted evidence that the few parking blocks that had been displaced during the winter were all repaired well before Harris's fall. Harris's assertion of constructive notice relies on a series of unsupported assumptions. She has therefore failed to demonstrate that the defect existed for a length of time sufficient for Singh to have discovered it. Given that Harris did not even challenge

constructive notice in the trial court, I believe there is no genuine question of fact as to this issue. In my opinion, our remand should be limited to open-and-obvious issues under *Kandil-Elsayed v F & E Oil Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162907).

/s/ Thomas C. Cameron